## HENDERSON v. BECHTEL-McCONE CORPORATION.

### Civil Action No. 5714.

United States District Court
N. D. Alabama, S. D.
April 24, 1947.

Lawrence Dumas, Jr., Birmingham, Ala., for plaintiff.

John J. Smith, Birmingham, Ala., for defendant.

MULLINS, Chief Judge.

This case having been tried by the Court without a jury and upon evidence submitted on behalf of the plaintiff and on behalf of the defendant, and the Court having considered and understood the evidence and arguments in the case, the Court hereby makes and enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. This is an action under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Plaintiff seeks to recover overtime compensation, liquidated damages, and an attorney's fee. Plaintiff's claim is based on the failure of the defendant to pay overtime compensation for approximately 800 hours during the period of time of plaintiff's employment from July 1, 1943 to August 20, 1945.

2. The defendant, during the period of time that is involved in this case, was engaged in the business of modifying multi-motored aircraft for the United States pursuant to instructions, directives, or specifications received by it from the Army Air Force. The modification of these planes constituted the sole business of the defendant at its plant located at Birmingham, Alabama, which was the place of plaintiff's employment.

The modification process accomplished by the defendant at its Birmingham Modification Plant was for the purpose of adapting airplanes for use under varying conditions, climatic and otherwise, in which they were to be employed in the prosecution of the war, and for the purpose of making alterations or improvements to such airplanes which were developed from time to time during the progress of the war.

3. All of the planes modified by the defendant during the period of time involved herein were flown from other states to the defendant's plant at Birmingham, Alabama, by the United States Army. The defendant ordered and received from points outside the State of Alabama substantial quantities of various aircraft parts, materials, and equipment which it used in performing the said work on the aforesaid airplanes. After the modification work on the planes was completed, all of these planes were flown out of the State of Alabama into other states or foreign countries by the United States Army to be used in the prosecution of the war. During all of the period of time involved herein, the defendant was engaged in interstate commerce or in the production of goods for interstate commerce. All work done by the plaintiff for the defendant was in connection with the modification of the airplanes, and, during the time involved herein, plaintiff was engaged in interstate commerce, or in the production of goods for interstate commerce.

4. Plaintiff was employed by the defendant as a Production Engineer from the first of the period of time for which he claims until September 16, 1943, at which time he was reclassified as Senior Production Planner, which latter classification he had until his separation on August 20, 1945. From July 1, 1943 to February 26, 1945, plaintiff's salary was $350 per month. From February 26, 1945 until his separa-

tion on August 20, 1945, plaintiff's salary was $375 per month. Plaintiff was paid his respective monthly salaries in equal weekly installments, and, during the entire period of time that is involved in this case, plaintiff drew his regular monthly salary, regardless of the number of hours worked by him, and while on vacation or sick leave, and for holidays not worked. Plaintiff was assigned to defendant's Production Division—Planning Section thereof, which section, during part of the time, was designated as the Master Planning and Scheduling Section. Throughout the entire period of time involved in this case, plaintiff worked under only general supervision of persons that were his supervisors who, by stipulation of counsel for both parties, are admitted to have been employed by the defendant either as bona fide executive or bona fide administrative employees within the meaning of the Fair Labor Standards Act. During such period of time, plaintiff did work known and referred to as "Follow-Up of Army Directives." The work performed by the defendant at its plant at Birmingham, Alabama, was controlled by Army Directives received by it from the Army Air Force representative stationed at said plant. These Army Directives referred to and made effective at defendant's plant various technical orders and engineering orders. From supervisors plaintiff received copies of all Army Directives; studied, analyzed and determined the specific instructions or requirements of each such Army Directive; obtained, studied, analyzed and determined the specific requirements of the various technical order directives, Engineering Orders, and Planning Directives issued by the defendant to commence and effectuate the work required by the said Army Directives; plaintiff personally contacted employees holding responsible positions in other departments of defendant's organization, such as Engineering, Planning, Material Control, Inspection, Fabrication, Assembly, and ascertained whether or not they had performed their particular work as required by and in compliance with the said Army Directives; and, in the event of noncompliance or delay, plaintiff personally contacted and talked with the proper parties in authority in the various parts of the defendant's organization and urged and persuaded them to take action necessary to comply with the various Army Directives; when unable to overcome the delay or noncompliance with the various Army Directives, plaintiff advised his supervisors who, in reliance upon plaintiff's reports, then took proper action. While performing his work, plaintiff usually made notations on the copy of the Army Directives and then reported his findings to his supervisors; the work done by the plaintiff was relied upon by the plaintiff's supervisors and the defendant and was used by the defendant as a basis for answering, within 48 hours after the receipt thereof by the defendant, each Army Directive, which answers by the defendant were its commitments to the Army Air Forces regarding the performance of the particular work required by each such Directive and the starting thereof—both as to the particular station in defendant's plant and the particular airplane—and completion thereof; after performing the above-mentioned duties, plaintiff maintained reference files containing the different Army Directive and related information.

5. As stated, it was stipulated by the parties that the superiors or supervisors under whom the plaintiff worked during the period of his employment by the defendant were bona fide executive or administrative employees of the defendant. The plaintiff during the entire period of his employment regularly and directly assisted such bona fide executive and administrative employees of the defendant, by performing duties nonmanual in nature and duties which required the exercise of discretion and independent judgment. In addition to performing the duties heretofore outlined, the plaintiff furnished all of the information which he obtained from the various departments of the defendant which he was required to contact in connection with his work to his superiors and he directly and regularly assisted his said superiors in that, among other things, he would sit in with them at the time they were answering the Army's Directives and these answers made by his superiors would

be made largely and directly with the information which the plaintiff had obtained. He would consult and advise with his superiors in connection with answering the Army Directives, and these answers so made by his superiors frequently constituted the commitment on the part of the defendant to make the modifications called for. Plaintiff's activities expedited the performance of the modification operations which were being performed by the defendant, and his activities also affected or were directly related to the general business operations of the defendant.

6. The plaintiff attended college for four years, and he also took a special course and received a diploma in Production Engineering. This special training and experience of the plaintiff was beneficial and useful in the performance of the duties of his position; it being necessary for him to have sufficient training and experience in production engineering to understand and analyze the Army Directives, technical order directives, and engineering orders which related to and covered the modification work of the defendant.

Conclusions of Law

1. This Court has jurisdiction of this action.

2. The plaintiff, during all of the time mentioned in Findings of Fact No. 1, was employed by the defendant and was engaged in interstate commerce or engaged in the production of goods for interstate commerce.

3. The provisions of Section 7 of the Fair Labor Standards Act of 1938 do not apply with respect to the plaintiff because he was, during all of the times for which he claims overtime compensation, an employee employed in a bona fide administrative capacity, as such term is defined and delimited by the Administrator of the Wage and Hour Division of the United States Department of Labor. Accordingly, plaintiff is not entitled to recover anything in this action against the defendant.

4. It is not necessary for the Court to rule on the applicability of Section 26(1),

of Title 7, Code of Alabama 1940, pleaded by the defendant in its answer.

The above and foregoing Findings of Fact and Conclusions of Law are entered in this case and a judgment will be rendered based on the foregoing Findings of Fact and Conclusions of Law.